*1301 Avenue of the Americas*
*15th Floor*
*New York, New York 10019*
*Tel: 212-907-9700*
*www.sgrlaw.com*



*Edward J. Heppt*
*Direct Tel: 212-907-9708*
*Direct Fax: 212-907-9808*
*eheppt@sgrlaw.com*

**MEMO ENDORSED**

February 4, 2025

**VIA ECF**

Respondent are directed to reply to Petitioner's February 4, 2025 Letter (Dkt. No. 31) by Thursday, February 6, 2025. A telephone conference to discuss the issues raised in the February 4 Letter will be scheduled for Friday, February 7, 2025 at 2:15 p.m. Scheduling Order to follow.

Honorable Gary Stein
United States District Court
Southern District of New York
500 Pearl Street, Room 702
New York, New York 10007

**SO ORDERED:**

*/s/ Gary Stein*

HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE

Date: February 5, 2025
New York, NY

Re:  *Summit Sky Advisory, LLC v. Aquila Air Capital Management, LLC*,
     Case No. 24 Misc. 496 (JGK) (GS)

Dear Magistrate Judge Stein:

We represent Summit Sky in this action to enforce a subpoena relating to a civil case pending in the Western District of Texas. Under the scheduling order presently in force in that court, all discovery is set to close on February 15, 2025, and trial is to commence on June 30, 2025. We write today to request an order compelling Aquila Air Capital Management, LLC, to produce its corporate representative for a deposition on or before that court-imposed deadline.

As the Court will recall, Summit Sky served Aquila with the initial document subpoena on August 22, 2024, more than five months ago. Aquila finally completed its document production only two weeks ago, on January 20, 2025. The Court is already well familiar with the background surrounding Aquila's strenuous and persistent efforts to avoid complying with the subpoenas—those facts will not be repeated here. Suffice it to say that a lingering consequence of Aquila's recalcitrance has been the resulting *delay*—the dispute took months to resolve and now that Aquila's documents have finally been produced, vanishingly little time remains under the scheduling order for Summit Sky to depose Aquila's corporate representative.

Back in December, when we were last before the Court, we were explicit about our need to complete this deposition by the Texas court's February 15 deadline. (*See* 12/23/24 Tr. at pp. 12, 33, 35.) We requested specific dates from Aquila's counsel immediately after Aquila completed its production. Although Aquila at first offered February 7—a day falling within the discovery period—its counsel then retracted that date and offered in its place only one alternative, February 19, which, of course, is after the close of discovery.

SGR/72443441.1

Honorable Gary Stein
Page 2

In the vain hope of avoiding the prejudicial delay and expense of yet another dispute with Aquila, we sought the agreement of counsel for Eastern Airlines, LLC and Jet Midwest, Inc., the defendants in the underlying case, to allow the Aquila deposition to be taken on February 19, four days after the close of discovery. Our efforts were unsuccessful. On Friday, January 30, the defendants informed us that they would not agree to this accommodation and would object to any depositions after the discovery deadline unless Summit Sky were to agree to additional and more substantial modifications to the pretrial schedule that would jeopardize the June 30, 2025, trial setting.[1]

Summit Sky is unwilling to compromise its trial setting. Nor should it be forced to do so to accommodate the scheduling preferences of Aquila, a party whose baseless refusal to cooperate with reasonable third-party discovery has already resulted in great expense and substantial prejudice.

We informed Aquila's counsel of the defendants' objection to proceeding on February 19, within hours of our conference with defendants' counsel. We offered to take the Aquila's deposition remotely on the morning or afternoon of February 13, 14, or 15. Aquila's counsel has flatly refused those dates, or any others within the discovery period, claiming that Aquila is completely unavailable. As of this date, counsel for Summit Sky and Aquila have communicated regarding Aquila's compliance with the subpoenas on multiple occasions by email and by phone and are now at a total impasse.

The Aquila deposition is critically important to Summit Sky. As we explained in the briefing in support of our original petition to this Court, Aquila possesses information highly relevant to Summit Sky's underlying claims of fraud. Accordingly, Summit Sky respectfully requests the Court enter an order compelling Aquila to produce its corporate representative for a deposition prior to the close of discovery in the underlying action and to be conducted remotely during a four-hour period on February 13, 14, or 15.

Respectfully yours,

*/s/ Edward J. Heppt*
Edward J. Heppt

cc:   Michael Besser (*via e-mail*)
      Jonathan Cyprys (*via e-mail*)

---

[1] On Sunday, February 2, 2025, Eastern and Jet Midwest filed a motion to extend discovery and modify the scheduling order. *See Summit Sky Advisory, LLC v. Eastern Airlines, LLC, et al.*, Case 1:23-CV-1332-RP, (W.D. Texas), ECF 57. Summit Sky is preparing a vigorous opposition to this motion, refuting the many mischaracterizations upon which it rests.

SGR/72443441.1